IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MADREE T. GRIFFIN,**<br><br>    Plaintiff,<br><br>v.<br><br>**EVEREST INSTITUTE d/b/a CORINTHAIN SCHOOLS, INC., a/k/a CORINTHIAN COLLEGES, INC.,**<br><br>    Defendant. | Civil Action File No.<br><br>**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

COMES NOW, Plaintiff who hereby brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter "FLSA") on behalf of herself and others similarly situated for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees on the grounds set forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and §1337. This Court also has jurisdiction pursuant to 29 U.S.C. §216(b).

2.

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

## PARTIES

3.

Plaintiff Madree T. Griffin worked as an Account Representative who was denied overtime compensation during the terms of her employment.

4.

Plaintiff brings this action on behalf of herself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. §216(b).

5.

Defendant Everest Institute d/b/a Corinthian Schools, Inc., a/k/a Corinthian Colleges hereinafter (Corinthian Colleges) is a higher learner establishment that provides career training the areas of accounting, business, criminal justice, dental assistant, massage therapy, medical assistant , medical administrative assistant, medical insurance billing and coding, nursing, paralegal, pharmacy technician and

various trades in the state of Georgia. Defendant is a corporation formed under the laws of the State of Georgia and may be served with process through its registered agent, CT Corporation System, located at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

6.

Defendant is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

7.

Defendant and its agents set the terms and conditions of employment for the Plaintiff, including the decision not to pay Plaintiff her overtime.

8.

By not paying overtime, Defendant and its agents were able to personally profit more from and pay themselves a greater profit, salary and/or benefits.

## FACTUAL ALLEGATIONS

9.

Upon information and belief, Defendant has in the past and currently employs over 500 employees.

10.

At all times relevant to this case, the Plaintiff was not responsible for supervising any other employees.

11.

At all times relevant to this case, Plaintiff did not possess the authority to hire or terminate employees.

12.

Plaintiff also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

13.

At all times relevant to this action, Plaintiff possessed no independent discretion regarding the pricing or fees for services and had no authority to negotiate these matters with customers; Plaintiff did not otherwise possess discretion or exercise independent judgment in the daily activities performed.

14.

At all times relevant to this action, Plaintiff was required to work a specific schedule and had to clock in and out of work.

15.

At all times relevant to this action, Plaintiff was docked for both hours and days missed due to illness, accident or other absences.

16.

From approximately June 7, 2011 to January 24, 2013 Defendant required Plaintiff to work in excess of 40 hours per workweek.

17.

From approximately June 7, 2011 to January 24, 2013 Defendant did not compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which she was employed.

18.

Defendant fails to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §207.

19.

Defendant is liable to Plaintiff for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

## COUNT I
### (CLAIM FOR RELIEF UNDER FLSA § 207)

20.

The above facts support Plaintiff's claims for relief under the FLSA.

21.

Defendant's failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. §216.

26.

Defendant's actions injured Plaintiff and caused damages including but not limited to the loss of income, lost promotions, pain, suffering, and humiliation all flowing from Defendant's illegal actions.

27.

Defendant performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff federally-protected rights.

**WHEREFORE,** the Plaintiff requests this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for Defendants who elect to participate in this action by filing proper written notice with the Court;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Award to Plaintiff and to each member of the opt-in class payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due each class member, and prejudgment interest on all amounts owed, as required by the FLSA;

(e) Issue a declaratory judgment.

(f) Defendant be ordered to pay Plaintiff back pay in an amount to compensate Plaintiff for lost wages;

(g) Award Plaintiff their attorney's fees and costs; and

(h) Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiffs herein requests trial by jury of all issues in this action.

This 4th day of April, 2014.

**PANKEY & HORLOCK, LLC**

By: /s/Larry A. Pankey
Larry A. Pankey
Georgia Bar No. 560725
Attorneys for Plaintiff

4360 Chamblee Dunwoody Road
Suite 500
Atlanta, Georgia  30341-1055
Phone 770-670-6250
Fax     770-670-6249
lpankey@pankeyhorlock.com